# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KWAME LUANGISA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:11-cv-00951-RCJ-CWH |
| vs. ) | |
| ) | |
| INTERFACE OPERATIONS LLC et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This Fair Labor Standards Act ("FLSA") case arises out of an alleged failure to pay overtime wages to a personal driver. Pending before the Court is one Defendant's Motion to Dismiss (ECF No. 7). For the reasons given herein, the Court grants the motion, with leave to amend.

## I.      FACTS AND PROCEDURAL HISTORY

AdFam, LLC, predecessor-in-interest to Defendant Interface Operations LLC ("Interface"), hired Plaintiff Kwame Luangisa to be a personal driver for Defendant Sheldon Adelson. (Compl. ¶¶ 1, 2, 8, June 10, 2011, ECF No. 1). AdFam, as the name suggests, existed to provide services to the Adelson family, including a personal driver for Adelson. (*See id.* ¶ 7). Adelson acted in the interests of AdFam and Interface, and he allegedly exercised direct supervisory authority over Plaintiff. (*See id.*). Despite his complaints, Plaintiff was denied overtime pay on the grounds that he was a "salary employee," though he worked between twelve and eighteen hours a day, seven days a week. (*Id.* ¶¶ 9–10). Luangisa quit on March 25, 2011. (*Id.* ¶ 12). Plaintiff sued AdFam, Interface, and Adelson in this Court pursuant to § 16(b) of the

FLSA on a single claim for violations of the overtime requirements of § 7(a)(1). Adelson has moved to dismiss for failure to state a claim on the basis that Adelson is not an "employer" under § 3(d).

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

1  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents
2  whose contents are alleged in a complaint and whose authenticity no party questions, but which
3  are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)
4  motion to dismiss" without converting the motion to dismiss into a motion for summary
5  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule
6  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*
7  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court
8  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for
9  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th
10 Cir. 2001).

11 **III.  ANALYSIS**

12 Although the briefs are acrimonious, the issue presented in the present motion is
13 relatively simple:

> [T]he definition of "employer" under the FLSA is not limited by the common law concept of "employer," but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes.  The determination of whether an employer–employee relationship exists does not depend on isolated factors but rather upon the circumstances of the whole activity.  The touchstone is the economic reality of the relationship.
>
> Where an individual exercises control over the nature and structure of the employment relationship, or economic control over the relationship, that individual is an employer within the meaning of the Act, and is subject to liability.

*Boucher v. Shaw*, 572 F.3d 1087, 1090–91 (9th Cir. 2009) (citations and internal quotation marks omitted).  The Court will dismiss the claim against Adelson, with leave to amend. Plaintiff alleges that Adelson "exercised direct supervisory authority over [Planitiff]." (*See* Compl. ¶ 7).  He also alleges that Adelson "exercised substantial supervisory authority over [Plaintiff] . . . ." (*See id.* ¶ 15).  If AdFam and Interface were simply companies created to service the Adelson family, as is likely the case, and if Plaintiff's duties consisted primarily of

1  driving Mr. Adelson at his direction, as he has alleged, then it is possible Mr. Adelson exercised
2  significant or even total control over Plaintiff's driving duties.  But Plaintiff has so far only
3  alleged Adelson's supervisory control in conclusory fashion.  He must specifically allege how
4  Adelson controlled his daily work duties.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 7) is GRANTED, with leave to amend.

IT IS SO ORDERED.

Dated this 3rd day of October, 2011.

_____
ROBERT C. JONES
United States District Judge