CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@campbellandwilliams.com
PHILIP R. ERWIN, ESQ. (11563)
perwin@campbellandwilliams.com
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KWAME LUANGISA, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> INTERFACE OPERATIONS LLC, a Delaware limited liability company, formerly known as ADFAM, LLC, a Nevada limited liability company; SHELDON G. ADELSON, an individual; and DOES I through X; and ROE CORPORATIONS I through X, <br><br> Defendant. | Case No.: 2:11-cv-00951-RCJ-LRL <br><br> **PLAINTIFF KWAME LUANGISA'S RESPONSE TO DEFENDANTS' REPLY (#80) TO THE DECLARATION OF COSTS AND FEES (#75)** |

Plaintiff KWAME LUANGISA, by and through his undersigned counsel, hereby submits the following Response to Defendants' Reply (#80) to the Declaration of Costs and Fees (#75). This Response is made and based upon the following points and authorities, the exhibits attached hereto, and any oral argument as may be presented at the hearing thereof.

**POINTS AND AUTHORITIES**

I. **INTRODUCTION**

In their Reply, Defendants Interface Operations LLC and Sheldon G. Adelson ("Defendants") attack the basis for Plaintiff Kwame Luangisa's Declaration of Costs and Fees



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

1

(#75) incurred in bringing the Emergency Motion to Compel and for Sanctions (#33) and opposing Defendants' Countermotion for Protective Order and for Sanctions (#41). Simply put, Defendants should not be heard to complain about the requested billing rates and hours worked when it was Defendants' own malfeasance that necessitated the foregoing motion work.

It is undisputed that the Court imposed monetary sanctions against Defendants as a result of "Adelson's refusal to answer questions [in his deposition] based upon his counsel's continuous suggestive, argumentative, and unnecessary objections [that] improperly impeded and frustrated fair examination of Adelson during the deposition." *See* Order (#65), p. 18:14-16. This brazen disrespect for the Federal Rules of Civil Procedure undoubtedly justifies the award of attorneys fees and costs requested in the Declaration (#75). To be sure, nothing in Defendants' Reply should dissuade the Court from its previous determination.

## II. ARGUMENT

Defendants' primary argument is that the hourly billing rate of Plaintiff's lead counsel Donald J. Campbell, Esq. is excessive for the Las Vegas legal market. Defendants also take issue with the hourly billing rate of J. Colby Williams, Esq. despite the fact that he had minimal involvement with the briefing in question. Defendants further allege that Plaintiff's counsel improperly utilized the services of four attorneys including three partners to work on "basic" discovery briefing which could have been delegated to less experienced counsel. Finally, Defendants argue that Plaintiff's counsel charged for so-called "clerical work" that should have been performed by non-lawyer employees. None of these contentions are persuasive.

### A. The Billing Rates Of Donald J. Campbell, Esq. And J. Colby Williams, Esq. Are Reasonable And Common In The Las Vegas Market.

Plaintiff does not dispute that the Court should consider "the prevailing market rates in the relevant community" in awarding attorneys fees. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). Plaintiff further recognizes that some courts have declined to award fees at comparable



CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

2

rates with those of Messrs. Campbell and Williams. Defendants' argument that the billing rates of Plaintiff's counsel are unreasonable, however, ignores the extensive qualifications of Messrs. Campbell and Williams and evidences defense counsel's unfamiliarity with the Las Vegas legal community.

In relation to the briefing that is the subject of the Declaration, Mr. Campbell billed 18.7 hours at a rate of $750. Mr. Williams, on the other hand, only billed 1.4 hours at a rate of $600. These hourly rates are consistent with the regular billing schedule employed by the law firm of Campbell & Williams. *See* Exhibit "1," Declaration of Donald J. Campbell, Esq. The basis for these rates is facially apparent from the extensive qualifications of Messrs. Campbell and Williams. *Id.* The Court is familiar with the quality of Plaintiff's counsel's work, and it is likewise important to note that Plaintiff was granted *all* of the requested relief with regard to Mr. Adelson's farcical deposition.

Moreover, it is common for courts to award Plaintiff's counsel fees in accordance with their normal billing schedule. *See* Exhibit "1," Declaration of Donald J. Campbell, Esq. For example, Messrs. Campbell and Williams were recently awarded attorneys fees at rates of $600 and $500, respectively, in state court litigation that concluded in 2010.[1] *See* Exhibit "2," Motion for Attorneys Fees; Exhibit "3," Order Granting Motion for Attorneys Fees. In awarding such fees, Judge Susan J. Johnson expressly noted that "$500 plus per hour rates are not uncommon or unreasonable" in Las Vegas. *See* Exhibit "3," Order Granting Motion for Attorneys Fees.

In addition, Defendants' position that the billing rates of Plaintiff's counsel are double those of comparable attorneys in the Las Vegas market is again erroneous. *See, e.g.,* Exhibit "4," Bailey Kennedy's Motion to Withdraw, Exh. 1 (billing rates of $750 and $550 for named

---

[1] *Ken Shamrock, Inc. v. Zuffa, LLC*, Case No. A561085, Eighth Judicial District Court for Clark County, Nevada.

3

partners in Bailey Kennedy); Exhibit "5" Declaration of James Pisanelli, Esq. in Support of Request for Attorneys Fees and Costs, Exh. 2 (billing rates of $550 for named partners in Pisanelli Bice PLLC); Exhibit "6," Affidavit of Paula Armeni in Support of Request for Attorneys Fees and Costs, p. 5 (billing rate of $650 for Dominic Gentile, Esq.; a partner at Gordon Silver).[2] As such, billing rates in excess of $600 are not uncommon for attorneys with similar qualifications and experience as Messrs. Campbell and Williams.

Defendants also argue that Plaintiff's counsel should not be adequately compensated for work they glibly describe as "basic discovery briefing" in "straightforward" litigation. *See* Reply, pgs. 2:5, 5:7-9, 7:4. Surely, these inaccurate assertions are a result of defense counsel's recent appearance because—as His Honor is well aware—this case has been anything but "basic" and "straightforward." To the contrary, Plaintiff's every attempt to advance discovery has been met with a motion for protective order; the majority of which were found to be utterly baseless.[3] *See* Order (#65), pgs. 2-4. In addition to this unnecessary motion work, Defendants have gone so far as to pursue contempt sanctions against Plaintiff's counsel in both federal and state court.[4] Accordingly, Defendants' assertion that the instant action has been uncomplicated could not be farther from the truth.

---

[2] The pleadings were filed in a case styled *OB1, LLC et al v. Mark A. James et al.*, Case No. A605985, Eighth Judicial District Court for Clark County, Nevada.

[3] In fact, the only discovery motion filed by Defendants that was granted was based on the misrepresentations of their erstwhile counsel Patrick H. Hicks, Esq. *See* Order, (#65), p. 3 fn. 3.

[4] The Honorable Chief Judge Jones summarily denied Defendants' request to hold Plaintiff's counsel in contempt for exposing the lies disseminated by Las Vegas Sands Corporation about the conduct of Mr. Campbell during a previous deposition of Adelson. *See* Order (#46). Undeterred, Defendants—through prior counsel at Littler Mendelson and their new counsel at Lionel Sawyer & Collins—reopened the underlying state case by filing a similarly misleading motion for order to show cause. *See* Exhibit "7," Motion for Order to Show Cause. Plaintiff's counsel has since filed a comprehensive Opposition and are awaiting a ruling from the state court. *See* Exhibit "8," Opposition to Motion for Order to Show Cause.

4

Setting aside the myriad of obstructions that inevitably accompany litigation against Adelson and his affiliated companies, there is no question that the rates billed by Plaintiff's attorneys are perfectly normal in the Las Vegas legal market and appropriate under the circumstances. Indeed, Plaintiff identified the billing rates of counsel more than a month ago in the Declaration (#73) attesting to the fees incurred in Adelson's aborted deposition. Notably, Defendants did not object to the billing rate and amount of fees set forth therein. While Defendants conveniently claim that this failure to object was simply a good faith gesture, they are estopped from taking an inconsistent position now. Based on the foregoing, the Court should approve the respective billing rates of Messrs. Campbell and Williams as set forth in the Declaration (#75).

### B. Defendants' Arguments Regarding Plaintiff's Counsel's Division Of Labor Are Entirely Meritless.

Defendants allege that Plaintiff's counsel's fees should be reduced because they assigned three partners to work on "basic discovery motions" while utilizing only one associate. *See* Reply, p. 7. This could, of course, be a valid argument in some circumstances but it undeniably fails here.

To begin with, the law firm of Campbell & Williams consists of just four attorneys; three partners and one associate. *See* Exhibit "1," Declaration of Donald J. Campbell. As noted in the Declaration of Fees and Costs (#75) and Defendants' Reply (#80), all four attorneys employed by Campbell & Williams worked on the briefing at issue.[5] The reason that Plaintiff was forced

---

[5] Contrary to Defendants' assertions, the majority of the work (approximately two-thirds) was performed by counsel of record, Mr. Campbell and the undersigned attorney, Philip R. Erwin, Esq. *See* Declaration of Costs and Fees (#75), Exh. 1. Defendants further state that Mr. Erwin billed only 6.3 hours on the Reply in Support of the Motion to Compel in comparison to the 14.5 hours billed by the three partners. *See* Reply, p. 7:16-17. That is incorrect. Rather, Mr. Erwin billed 15.3 hours of time spent drafting and editing the brief. *Id.*

5

to utilize all four attorneys in the firm is readily apparent once the truncated time frame in which they had to prepare the relevant briefing is taken into consideration.

Mr. Campbell terminated Adelson's deposition at approximately 9:47 a.m. on October 6, 2011, and the Motion to Compel and for Sanctions (#33) was filed less than six hours later. In fact, the turnaround was so quick that it prompted Defendants' laughable accusation that Plaintiff's counsel had "pre-drafted" the motion in order to manufacture a discovery dispute. *See* Opposition and Countermotion for Protective Order (#41). Plaintiff's counsel was then tasked with responding to Defendants' ludicrously verbose response and countermotion in less than two days. In light of these facts is it any wonder that Plaintiff's counsel had to employ four attorneys to prepare the relevant briefing?

Irrespective of the time constraints placed on Plaintiff's counsel, it is well settled that an award of attorneys fees should not be reduced for lack of delegation when the claimant is a small law firm. *See, e.g., Poston v. Fox*, 577 F.Supp. 915, 919-20 (D. N.J. 1989) (noting that in "a small office, it is not always possible to delegate tasks to others"); *Roldan v. Philadelphia Housing Auth.*, 1999 WL 1167658, *5 (E.D. Pa. December 7, 1999) (refusing to reduce award of attorneys fees to small firm where there was no less experienced attorney available to perform work); *Chaid v. Glickman*, 1999 WL 33292940, *13-16 (N.D. Cal. 1999) (rejecting argument that award of attorneys fees should be reduced where senior attorneys performed tasks which could have been delegated to less experienced attorneys because of the intracacies of the "small shop model").

Based on the foregoing, the Court should decline to reduce the attorneys fees requested by Plaintiff on the baseless grounds that his counsel utilized the services of all four attorneys in the law firm.

6

**C. Defendants Out-Of-Context Presentation Of The Undersigned's Billing Records Does Not Warrant A Reduction In Fees.**

Finally, Defendants misconstrue the wording of Mr. Erwin's billing entries in order to argue that he spent multiple hours drafting, editing, and preparing *the exhibits* to the motion to compel and reply thereto. The banality of this argument is evident in that there was just one exhibit to the Motion to Compel (#31), a DVD, and only two exhibits to the Reply and Opposition to the Countermotion (#41), the deposition transcript and an e-mail. A cursory examination of these exhibits reveals that none of them required original thought or extensive preparation. In reality, almost all of Mr. Erwin's time was spent drafting and editing the respective briefs. *See* Exhibit "9," Declaration of Philip R. Erwin, Esq. This clearly does not constitute "clerical work." Regardless, Defendants should be precluded from questioning the division of labor in Plaintiff's counsel's law firm in light of its small size and the abbreviated time frame to prepare the subject briefing.

**III. CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court award all attorneys fees and costs previously requested in the Declaration (#75).

DATED this 13th day of January, 2012.

CAMPBELL & WILLIAMS

By /s/ Philip R. Erwin
    DONALD J. CAMPBELL, ESQ. (1216)
    PHILIP R. ERWIN, ESQ. (11563)
    700 South Seventh Street
    Las Vegas, Nevada 89101
    Telephone: (702) 382-5222
    Facsimile: (702) 382-0540

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing was completed on the 13th of January, 2012 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

                                                   /s/ Philip R. Erwin, Esq.
                                                   An Employee of Campbell & Williams

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540